**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SMART RF INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.  2:24-CV-00195-JRG |
| | § | (LEAD CASE) |
| AT&T MOBILITY LLC, | § | |
| | § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| SMART RF INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.  2:24-CV-00196-JRG |
| | § | (MEMBER CASE) |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | § | |
| | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| SMART RF INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.  2:24-CV-00197-JRG |
| | § | (MEMBER CASE) |
| T-MOBILE USA, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Enforce Samsung Electronics America, Inc.'s Compliance with the Rule 45 Subpoena (the "Motion") filed by Plaintiff Smart RF Inc.

("Plaintiff").   (Dkt. No. 63.[1])   In the Motion, Plaintiff moves to compel non-party Samsung Electronics America, Inc. ("SEA") to produce source code and documents that are responsive to Request for Production Nos. 1–5, 10, 12, 14, and 16 in its Rule 45 subpoena to SEA.  (*Id*. at 1.) Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that it should be **DENIED.**

## I.    BACKGROUND

On December 09, 2024, Plaintiff served subpoenas on SEA.  (Dkt. No. 63-2 at 1.)  The subpoenas request SEA to produce source code and documents that show how base station equipment that SEA provides to Defendant Cellco Partnership *d/b/a* Verizon Wireless ("Verizon") implements digital predistortion ("the Requested Materials").  (Dkt. No. 63-3 at 1; Dkt. No. 63 at 1.)  However, SEA has not produced any of the requested documents.  (*Id*.; Dkt. No. 76 at 2.) After the parties reached an impasse, Plaintiff filed the Motion.  (Dkt. No. 63 at 9.)

## II.    ANALYSIS

The Parties dispute only whether SEA has possession, custody, or control over the Requested Materials.  (Dkt. No. 63 at 4–7; Dkt. No. 76 at 3.)

Plaintiff argues that SEA has the authority or practical ability to obtain the Requested Material from its parent company, Samsung Electronics Co., Ltd. ("SEC").  (Dkt. No. 63 at 4.)  As support, Plaintiff points to the Definitive Purchase Agreement between SEA and Verizon, noting that the agreement obligates SEA to escrow the requested source code in the U.S.  (*Id*. (citing Dkt. No. 63-4 at 2).)  Further, Plaintiff asserts that the agreement demonstrates that SEA can commit other Samsung entities to contractual obligations given that SEA obligated the other entities to provide hardware and software to Verizon.  (*Id*. at 5–6.)  According to Plaintiff, "it strains

---

[1] Unless otherwise specified, all Dkt. Nos. refer to those filed in Lead Case No. 2:24-cv-00195-JRG.

credulity" to suggest that SEA cannot access the requested materials in light of the Definitive Purchase Agreement.  (*Id*. at 6.)

SEA argues in response that the Court should deny the Motion for two (2) reasons.  (Dkt. No. 76 at 8.)  First, SEA argues in response that it lacks possession of the Requested Materials. (Dkt. No. 76 at 3.)  As support, SEA notes that the Definitive Purchase Agreement does not "specif[y] the particular source code that is the subject of Plaintiff's subpoena." (*Id*.)  Also, SEA's in-house counsel declared that SEA never placed relevant source code in escrow for this agreement.  (*Id*. (citing Dkt. No. 76-2 ¶ 5–6).)  Second, SEA argues that it has no legal right, authority, or practical ability to obtain the Requested Materials from SEC on demand. (*Id*. at 4.) Specifically, SEA notes that it cannot control SEC as it is SEC's subsidiary.  (*Id*.)  In further support, SEA contends that the Republic of Korea's Foreign Trade Act prevents SEA from readily obtaining the Requested Materials from SEC.  (*Id*. at 7.)

The Court agrees with SEA.  Plaintiff has not shown that SEA controls the Requested Materials.  Indeed, the Parties agree that SEA's parent, SEC, has the Requested Materials.  (*See e.g.* Dkt. No. 76-2 ¶ 4; Dkt. No. 63 at 5.)  SEA cannot obtain the Requested Materials from SEC on demand "because a subsidiary by definition does not control the parent."  *Input/Output, Inc. v. Sercel, Inc.*, 2008 WL 11348285, at *2 (E.D. Tex. Aug. 14, 2008) (citing *Westinghouse Credit Corp. v. Mountain States Mining & Milling Co.*, 37 F.R.D. 348, 349 (D. Colo. 1965) ("[S]ince a subsidiary does not control the parent it is not required to furnish information held by the latter")).

Accordingly, the Court finds that the Requested Materials fall outside the scope of permissible discovery from SEA.

## III.    CONCLUSION

For the reasons described herein, the Court finds that the Motion (Dkt. No. 63) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 19th day of August, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE