IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMART RF INC., *Plaintiff,* v. AT&T MOBILITY LLC, *Defendant.* | Civil Action No. 2:24-cv-00195 Jury Trial Demanded **CONSOLIDATED LEAD CASE** |
| SMART RF INC., *Plaintiff,* v. CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, *Defendant.* | Civil Action No. 2:24-cv-00196 Jury Trial Demanded |
| SMART RF INC., *Plaintiff,* v. T-MOBILE US, INC., T-MOBILE USA, INC., SPRINT LLC, SPRINT SOLUTIONS LLC, AND SPRINT SPECTRUM LLC, *Defendants.* | Civil Action No. 2:24-cv-00197 Jury Trial Demanded |

**PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41**

In an effort to narrow its case and streamline and focus the issues for trial, Plaintiff Smart RF Inc. ("Smart RF") voluntarily withdrew its assertion of all previously asserted claims of U.S. Patent No. 7,035,345 ("the '345 patent") and claims 3 and 10 of U.S. Patent No. 8,767,857 ("the

1

'857 patent") (collectively, "the Dropped Claims"). Accordingly, Smart RF moves under Rule 41(a)(2) to dismiss without prejudice its claims of infringement of the '345 patent (Count I), its claims of infringement of claims 3 and 10 of the '857 patent, and Defendants' corresponding affirmative defenses and counterclaims.

## I.  BACKGROUND

On August 19, 2025, Smart RF notified Defendants that, in an effort to narrow the issues for trial, Smart RF was dropping its infringement allegations as to all asserted claims of the '345 patent, as well as its claims of infringement of claims 3 and 10 of the '857 patent. The parties subsequently met and conferred, and Defendants indicated (1) their position that any dismissal should be with prejudice, and (2) that Defendants intend to maintain their counterclaims with respect to the Dropped Claims, including the '345 patent, even though they are no longer asserted in the case. For the reasons discussed herein, Defendants are incorrect and the Dropped Claims, as well as Defendants' corresponding counterclaims, should be dismissed without prejudice.

## II.  ARGUMENT

This Court and others in this District encourage and expect parties to voluntarily narrow their cases for trial by limiting claims and defense. *See, e.g., Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1 (E.D. Tex. Mar. 1, 2016) ("[T]he Court prefers to rely on the parties, acting in good faith, to voluntarily limit the scope of the case, including the number of asserted claims and prior art references."), *report and recommendation adopted sub nom. Metaswitch Networks Ltd v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 1404214 (E.D. Tex. Apr. 11, 2016); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013) ("The Court encourages and requires the parties to narrow their case for trial.

Accordingly, the Court will not penalize such attempts to narrow issues[.]"), *aff'd in part, vacated in part, rev'd in part sub nom. VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014).

### A.     Smart RF's Dropped Claims Should Be Dismissed Without Prejudice.

Under Rule 41(a)(2), an action may be dismissed by court order, and unless otherwise stated, the dismissal is without prejudice. Courts in this District have consistently exercised their discretion to grant such requests for dismissal without prejudice. "As this Court has stated, '[a] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as a dismissal without prejudice." *Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-CV-00211-JRG, 2021 WL 1530935, at *5 (E.D. Tex. Apr. 16, 2021) (citations omitted). The Federal Circuit has similarly treated a plaintiff's voluntary withdrawal of patent claims as "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint, ... or a Rule 41(a) voluntary dismissal of claims without prejudice." *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012); *see also Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (quoting *SanDisk*).

This Court and the Federal Circuit have also both accepted informal withdrawals to remove claims from a case. *See Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("[A] patentee's announcement that it was no longer pursuing particular claims, coupled with its ceasing to litigate them, was sufficient to remove those claims from the case even without such formalities [as a motion to dismiss]."); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-0911-JRG-RSP, 2016 WL 1105364, at *1 (E.D. Tex. Feb. 4, 2016) (citing *Alcon*), *report and recommendation adopted*, No. 2:14-CV-911-JRG-RSP, 2016 WL 1106442 (E.D. Tex. Mar. 20, 2016) (finding claims dropped during expert discovery should be treated as dismissed without prejudice). Smart RF has both provided Defendants notice of its case narrowing as well

3

as filed the instant motion to dismiss without prejudice. Additionally, Smart RF will not raise these claims in its portion of the parties' joint pretrial order and will not litigate them at trial. *See Alcon*, 745 F.3d at 1193 (explaining that "[a] court should not render judgment with respect to claims 'reference[d] in the complaint' but not raised in the pretrial statement or litigated at trial") (citation omitted).

Moreover, the current stage of the case does not compel a different result here. As a matter of procedure, in the Fifth Circuit, a voluntary dismissal without prejudice should be granted unless the defendants will lose some substantial right. "In exercising its discretion, the court follows the traditional principle that dismissal should be allowed unless the defendants will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (citation and quotation marks omitted) (finding that district court exceeded its discretion by dismissing complaint with prejudice instead of without prejudice). The possibility of an "annoyance of a second litigation upon the same subject matter" is not sufficient to show a plain legal prejudice to the defendants. *See id*. Here, Defendants can identify no "plain legal prejudice" or loss of a "substantial right" from the dismissal of these counts without prejudice. Smart RF is simply narrowing its case and streamlining the issues for trial.

To the extent Defendants move for summary judgment with respect to any of the Dropped Claims, that does not warrant a different result. In *Pontenberg v. Boston Scientific Corporation*, the Eleventh Circuit, relying on the Fifth Circuit's opinion in *Durham*, found that the district court did not abuse its discretion by granting dismissal without prejudice under Rule 41(a)(2) even after a summary judgment motion had been filed. *See* 252 F.3d 1253, 1256 (11th Cir. 2001). In particular, "the fact that the litigation [had] proceeded to the summary judgment stage" did not

4

constitute "plain legal prejudice requiring the denial of a motion to dismiss." *See id*. The same is true here.

Smart RF respectfully requests that the Court exercise its discretion to dismiss the Dropped Claims without prejudice. This would further serve and promote the Court's and District's policy of encouraging parties to streamline their cases voluntarily.

### B. Defendants' Counterclaims and Affirmative Defenses that Correspond to the Dropped Claims Should Also Be Dismissed Without Prejudice.

With the Dropped Claims dismissed without prejudice, Defendants' related counterclaims and affirmative defenses should also be dismissed without prejudice because, with the Dropped Claims dismissed, there is no longer a case or controversy over Defendants' related counterclaims and affirmative defenses. *See, e.g., VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) (dismissing claims and corresponding counterclaims without prejudice and explaining that this "will maintain the fairness necessary to encourage both parties to reduce claims and their related invalidity defenses"); *Realtime Data LLC v. Echostar Corp.,* No. 6:17-cv-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (dismissing claims and corresponding counterclaims without prejudice, noting that "Plaintiff's voluntary election not to pursue certain claims at trial operates as a dismissal without prejudice" and "considerations of equity and judicial economy" supported dismissing Defendants' counterclaims on the same basis); *Packet Intelligence LLC v. Netscout Systems, Inc.*, No. 2:16-cv-00230-JRG (E.D. Tex. Sept. 29, 2017) (dismissing without prejudice, *sua sponte*, counterclaims with respect to unasserted patents).

Any argument by Defendants that they need to maintain their counterclaims with respect to the '345 patent so they can pursue summary judgment of non-infringement to bolster an argument that the inventions claimed in the '345 patent are non-infringing alternatives ("NIAs")

5

is misplaced. Any finding of non-infringement regarding the '345 patent would only be relevant to whether or not the accused products are NIAs to the '345 patent, something that is moot given Smart RF's removal of the '345 patent from the case. In other words, a finding that an accused product does not infringe the '345 patent and is, therefore, a possible NIA for the '345 patent, is irrelevant to whether that product does not infringe, and could be considered an NIA, for the other patents-in-suit. Further, even if there was some marginal relevance to the NIA inquiry, this does not create, or maintain, a case or controversy regarding the '345 patent, which is necessary for Defendants to maintain their counterclaims. As such, Defendants strained attempts to keep the '345 patent in the case and burden the Court with motion practice regarding the same should be rejected.

### III. CONCLUSION

Smart RF has withdrawn its infringement allegations with respect to all asserted claims of the '345 patent and claims 3 and 10 of '857 patent to narrow the issues in this case and focus and streamline trial presentations. Consistent with precedent from this Court, the Federal Circuit, and the Firth Circuit, Smart RF respectfully requests that the Court grant its motion to dismiss the Dropped Claims, including Defendants corresponding counterclaims and affirmative defenses, without prejudice pursuant to Rule 41(a)(2).

Dated: August 25, 2025 Respectfully submitted,

/s/ Patrick J. Conroy
Patrick J. Conroy
Texas Bar No. 24012448
pat@nelbum.com
Ryan P. Griffin
Texas Bar No. 24053687
ryan@nelbum.com
Jonathan H. Rastegar
Texas Bar No. 24064043
jon@nelbum.com
Nathan L. Levenson
Texas Bar No. 24097992
nathan@nelbum.com
Nelson Bumgardner Conroy PC
2727 N. Harwood St., Suite 250
Dallas, TX 75201
P. 214.446.4950

*Attorneys for Plaintiff*
*Smart RF Inc.*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff and counsel for Defendants conferred via electronic mail on August 20 through August 22, and conferred via teleconference on August 22, regarding the relief sought by this motion. Defendants confirmed that they oppose the motion, and the relief sought.

*/s/ Patrick J. Conroy*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that August 25, 2025, a true and correct copy of the foregoing was filed electronically using the CM/ECF filing system of the court, which will serve all counsel of record who have consented to electronic service.

*/s/ Patrick J. Conroy*