# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SMART RF INC., <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T MOBILITY LLC, <br><br> *Defendant.* | Civil Action No. 2:24-cv-00195 <br><br> Jury Trial Demanded <br><br> **CONSOLIDATED LEAD CASE** |
| SMART RF INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> *Defendant.* | Civil Action No. 2:24-cv-00196 <br><br> Jury Trial Demanded |
| SMART RF INC., <br><br> *Plaintiff,* <br><br> v. <br><br> T-MOBILE US, INC., T-MOBILE USA, INC., SPRINT LLC, SPRINT SOLUTIONS LLC, AND SPRINT SPECTRUM LLC, <br><br> *Defendants.* | Civil Action No. 2:24-cv-00197 <br><br> Jury Trial Demanded |

**PLAINTIFF SMART RF INC.'S CONDITIONAL OBJECTIONS**
**TO THE CLAIM CONSTRUCTION ORDER**

Plaintiff Smart RF Inc. ("Smart RF") notes that as part of efforts to narrow the case, it withdrew and moved to dismiss all claims associated with U.S. Patent No. 7,035,345 (the "'345 patent"). *See* Dkt. No. 100. Despite substantial precedent from this Court holding that all claims and counterclaims related to voluntarily withdrawn claims should be dismissed without prejudice, Defendants oppose the motion. *See VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 U.S. Dist. LEXIS 200766, at *20 (E.D. Tex. Mar. 28, 2014) (dismissing claims and counterclaims without prejudice, noting this "will maintain the fairness necessary to encourage both parties to reduce claims and their related invalidity defenses"); *Realtime Data LLC v. Echostar Corp.*, No. 6:17-cv-00084-JDL, 2018 U.S. Dist. LEXIS 202794, at *11 (E.D. Tex. Nov. 29, 2018) (dismissing claims and counterclaims without prejudice, noting that "Plaintiff's voluntary election not to pursue certain claims at trial operates as a dismissal without prejudice" and "considerations of equity and judicial economy" supported dismissing Defendants' counterclaims on the same basis); *Packet Intelligence LLC v. Netscout Systems, Inc.*, No. 2:16-cv-00230-JRG, 2017 U.S. Dist. LEXIS 222380, at *16-17 (E.D. Tex. Sept. 29, 2017) (dismissing without prejudice, *sua sponte*, counterclaims with respect to unasserted patents). Because Smart RF's objections concern only a portion of Magistrate Judge Payne's Claim Construction Order (Dkt. No. 91) regarding the '345 patent, Smart RF makes these objections conditionally, as it believes the patent at issue is no longer part of the case and, as such, the issue is moot. *See Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("[A] patentee's announcement that it was no longer pursuing particular claims, coupled with its ceasing to litigate them, was sufficient to remove those claims from the case even without such formalities [as a motion to dismiss].").

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(a), and Local Rule CV-72(b), Smart RF respectfully objects to the Claim Construction Order. Because claim construction

is a matter of law, the standard of review of a magistrate judge's claim construction is *de novo*. *ICHL, LLC v. NEC Corp. of Am.*, No. 5:08-CV-065, 2010 U.S. Dist. LEXIS 144903, at *7 (E.D. Tex. Sep. 20, 2010). Although Smart RF does not take issue with the ultimate construction of a "digital receiver," the Court's analysis appears to construe an unbriefed term that was not at issue—"RF modulated signal"—in a manner that is erroneous. Specifically, the Court's discussion of "digital receiver" states that:

> Figure 14 is not the claimed invention. Specifically, the input in Figure 14 is in "Base Band" (208), which is not the claimed RF modulated signal that is predistorted in Claims 1 and 7.

Dkt. No. 91 at 18. Although Smart RF believes this statement to be dicta, to the extent that it is part of the holding, Smart RF respectfully objects to the Court's construction of an unbriefed term. The construction was erroneous because it did not afford the parties an opportunity to brief the term and incorrectly interpreted the claims as requiring predistorting an RF modulated signal rather than predistorting what ultimately becomes "the RF modulated signal to be transmitted" as required by the plain language of the claims.

The term the parties presented to the Court was "digital receiver," not "RF modulated signal." To the extent the foregoing statement in the Court's order was a construction of "RF modulated signal," Smart RF respectfully objects to that construction. A court should not construe terms that are not before it. Construing a term that was not before the Court deprives the parties of an opportunity to develop the record, which in this case would likely include expert testimony related to modulation and predistortion. *See Wavetronix v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1355 (Fed. Cir. 2009); *Apex Inc. v. Raritan Comput., Inc.*, 325 F.3d 1364, 1375 (Fed. Cir. 2003).

The Court's statement was made without the benefit of full briefing and an opportunity to argue that term. *See Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 121000, at *10 (E.D. Tex. July 19, 2018) ("[T]he Court may not proceed to resolve

disputes without involvement by the Parties."); *TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*, 629 F. App'x 916, 939 (Fed. Cir. 2015) ("[A]lthough a district court has great latitude in how it conducts the claim construction process, the parties must be involved."); *see also Eon-Net LP v. Flagstar Bancorp*, 249 F. App'x 189, 198 (Fed. Cir. 2007) (vacating and remanding a summary judgment ruling because the district court had failed to afford the non-moving party notice and opportunity to present its claim construction arguments during the relevant briefing). The Patent Rules confirm claim construction is party driven process. *See* P. R. 4-1 – P. R. 4-6; *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 U.S. Dist. LEXIS 73217, *16-17 (E.D. Tex. Aug. 18, 2009) (quoting *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)) ("The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases.'"). The Patent Rules outline the claim construction process and provide for exchanging proposed terms and claim elements for construction (P. R. 4-1), exchanging preliminary claim constructions (P. R. 4-2), claim construction briefing (P. R. 4-5), and a claim construction hearing (P. R. 4-6). This process ensures all parties can advocate for their proposed constructions and allows the Court the benefit of a fully developed record. To the extent the Court's statement is a construction of "RF modulated signal" the holding deprived the parties of the opportunity to proceed through the procedures outlined in the Patent Rules. Further, a construction of a term that was not proposed by the parties or briefed before the hearing risks the introduction of a new dispute rather than resolving an existing one. *See O2 Micro*, 521 F.3d at 1362-63 (explaining that claim construction exists to resolve "fundamental disputes" raised by the parties).

Nonetheless, to the extent the Court believes that construction of "RF modulated signal" is necessary, Smart RF submits that the interpretation of "RF modulated signal" in the Claim

3

Construction Order was erroneous, and the actual, proper term for construction is the larger phrase "RF modulated signal to be transmitted." Every use of the term "RF modulated signal" in the claims of the '345 patent is accompanied by the phrase "to be transmitted," making clear that the "RF modulated signal" being discussed is the signal "to be transmitted," not necessarily the incoming signal that has not undergone processing and is not ready to be transmitted. *See* '345 patent, claims 1, 3, 5, 7, 9, 11. In no instance do the patent claims refer to an "RF modulated signal" in isolation. *See id.* Claim construction requires "interpretation of the entire claim in context, not a single element in isolation." *Pause Technology, LLC v. TiVo, Inc.*, 419 F.3d 1326, 1331 (Fed. Cir. 2005); *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("The context in which a term is used in the asserted claim can be highly instructive."); *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003) ("While certain terms may be at the center of the claim construction debate, the context of the surrounding words of the claim also must be considered."). This is particularly important here because the claims discuss "using an I/Q modulator" to predistort "the RF modulated signal to be transmitted." '345 patent, claim 1. In other words, the I/Q modulator predistorts what will become the RF modulated signal that is transmitted. This is consistent with the claim language and every embodiment in the specification. Notably, none of the disclosed embodiments discuss predistorting an RF modulated signal. Although limitations in preferred embodiments disclosed in the specification should not be read into the claims, a claim term should not be interpreted "in a way that excludes embodiments disclosed in the specification." *Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1276 (Fed. Cir. 2008); *see Comark Communications v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988)) ("Although the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples

appearing in the specification will not generally be read into the claims."); *Leibel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."); *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1305 (Fed. Cir. 2007) (rejecting proposed claim interpretation that would exclude disclosed examples in the specification); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1369 (Fed. Cir. 2003) (finding district court's claim construction erroneously excluded an embodiment described in an example in the specification, where the prosecution history showed no such disavowal of claim scope). If the Court's construction of "digital receiver" requires a construction of "RF modulated signal," Smart RF requests that the parties be afforded the opportunity to brief the term in the context of the larger phrase "RF modulated signal to be transmitted." This approach is necessary to cure an erroneous process that resulted in a substantively wrong construction (if it was indeed intended to be a construction by the Court).

For the foregoing reasons, subject to its position that the claims of the '345 Patent are no longer in the case, Smart RF respectfully objects to and requests the Court vacate the portion of the Claim Construction Order stating that:

> Figure 14 is not the claimed invention. Specifically, the input in Figure 14 is in "Base Band" (208), which is not the claimed RF modulated signal that is predistorted in Claims 1 and 7.

Dkt. No. 91 at 18.

Dated: August 28, 2025

Respectfully Submitted,

*/s/ Patrick J. Conroy by permission Chad Everingham IV*
**Patrick J. Conroy**
Texas Bar No. 24012448
**Ryan P. Griffin**
Texas Bar No. 24053687
**Jonathan H. Rastegar**
Texas Bar No. 24064043
**Nathan L. Levenson**
Texas Bar No. 24097992
**NELSON BUMGARDNER CONROY PC**
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Tel: (214) 446-4950
pat@nelbum.com
ryan@nelbum.com
jon@nelbum.com
nathan@nelbum.com

**Janson H. Westmoreland**
Texas Bar No. 24131755
**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (817) 377-9111
janson@nelbum.com

*Of Counsel:*
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@millerfairhenry.com
Charles Everingham IV
Texas State Bar No. 00787447
chad@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF SMART RF INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record on August 28, 2025, via the Court's CM/ECF system.

*/s/ Patrick J. Conroy*