# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SMART RF INC., *Plaintiff,* v. AT&T MOBILITY LLC, *Defendant.* | Civil Action No. 2:24-cv-00195 Jury Trial Demanded **CONSOLIDATED LEAD CASE** |
| SMART RF INC., *Plaintiff,* v. CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, *Defendant.* | Civil Action No. 2:24-cv-00196 Jury Trial Demanded |
| SMART RF INC., *Plaintiff,* v. T-MOBILE US, INC., T-MOBILE USA, INC., SPRINT LLC, SPRINT SOLUTIONS LLC, AND SPRINT SPECTRUM LLC, *Defendants.* | Civil Action No. 2:24-cv-00197 Jury Trial Demanded |

**PLAINTIFF SMART RF INC.'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS
AND TO EXCLUDE TESTIMONY OF JAMES PROCTOR**

I. **THE COURT SHOULD STRIKE MR. PROCTOR'S OPINIONS REGARDING CLAIM CONSTRUCTION**

Defendants' Opposition ("Opp.") does not cure the fundamental defects in Mr. Proctor's report. For example, Mr. Proctor fails to apply the Court's preliminary construction of "nonlinear crosstalk" in his written description and enablement analyses. *See* Mot. at 3 (citing Pl.'s Ex. A, ¶¶ 720, 722, 725). In response, Defendants only point to Mr. Proctor's unrelated discussion of Van Zelm. *See* Opp. at 3 (citing Pl.'s Ex. A, ¶¶ 523-524). Even if Mr. Proctor applied the Court's construction in that separate context, that does not excuse his failure to properly apply the construction with respect to his written description and enablement analysis. An expert must properly apply the Court's construction of a claim in *all* instances, not just in *certain* instances. *See* Mot. at 2-5; *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009).

Further, Defendants attempt to justify Mr. Proctor's new indefiniteness challenges by claiming they were disclosed during fact discovery (*see* Opp. at 4) and relevant (*see id.* at 5). But this ignores that these challenges should have been raised during claim construction. Defendants cannot belatedly raise indefiniteness defenses in their expert reports. Mot. at 3-4. Defendants cite no authority even suggesting such opinions are proper (because they are not) nor do they provide any explanation for their failure to raise these issues during claim construction. Instead, Defendants try to shift the focus by pointing to Smart RF's objections to the Court's Claim Construction Order. *See* Opp. at 5 (stating "particularly to the extent Smart RF attempts to maintain its infringement allegations in the case of the Court's *Markman* Order"). That distraction cannot cure Defendants' untimely attempt to advance new indefiniteness challenges through expert testimony.

Finally, Defendants' argument that Mr. Proctor is not inserting an algorithm limitation into the asserted claims misses the mark. *See id.* Smart RF moved to strike Mr. Proctor's opinions that there is no written description support for an algorithm that is not part of the claims. *See* Mot. at

1

4. But if the parties agree (and the claims confirm) that no such requirement exists, then it is irrelevant whether the specification contains support for something not in the claims.

## II. THE COURT SHOULD STRIKE MR. PROCTOR'S OPINIONS REGARDING UNDUE EXPERIMENTATION

Defendants' argument that Mr. Proctor "opines on" three Wands factors does not cure the deficiencies in his opinions. Opp. at 5. At most, Mr. Proctor offers conclusory opinions about factors (2), (3), and (8), while disregarding the others. *See* Pl.'s Ex. A, ¶¶ 434-440. That falls short of a proper undue experimentation analysis and is not helpful to the jury. *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988) ("Whether undue experimentation is needed is not a single, simple factual determination, but rather is a conclusion reached by weighing *many factual considerations*." (emphasis added)); Fed. R. Evid. 702 (requiring that expert testimony "help the trier of fact to understand the evidence to determine a fact in issue").

## III. THE COURT SHOULD STRIKE MR. PROCTOR'S OPINIONS RELYING ON HEARSAY

Defendants contend that Mr. Proctor's opinions were merely informed by conversations with Defendants' employees. *See* Opp. at 6-7. Yet, his report recycles hearsay from those conversations without independent corroboration or analysis. Such reliance is improper and should be stricken. Defendants first contend that Mr. Proctor "corroborate[s]" the facts he repeats. This is simply wrong. *See* Opp. at 6; *see also* Pl.'s Ex. B, ¶ 50. Rather than corroborating the supposed "fact" that ▮▮▮▮▮▮▮▮▮▮, Mr. Proctor's report merely shifts the burden to Smart RF to prove otherwise. *See id.* ("▮▮▮▮▮▮▮▮▮▮"). This is not corroboration. Nonetheless, Dr. Madisetti does just that. *See* Ex. H, ¶ 264 (stating "press releases from Ericsson and Nokia report[] 5G tests using wide signal bandwidths of 160 MHz and 190 MHz"). By shifting the burden, Mr. Proctor underscores that his opinions rely on hearsay.

2

Moreover, Defendants' lone example of "corroboration" fares no better. Specifically, Defendants cite to Mr. Proctor's reliance on *Behavioral Modeling*, written by Dr. Helaoui. *See* Opp. at 6. But that book has no connection to the Accused Products and, unsurprisingly, says nothing about their bandwidths. Nor have Defendants shown how it does, much less could, corroborate the hearsay that Mr. Proctor parrots from Defendants' engineers. Instead, Mr. Proctor relies on such hearsay to declare that Smart RF's tests are "unrealistic," without applying any independent analysis. This necessitates striking such testimony.

Defendants' argument that Mr. Proctor's reliance on hearsay is not "coextensive" with his opinions is self-contradictory. *See* Opp. at 7. His opinion that Smart RF's tests are "unrealistic" necessarily relies on the hearsay that such wide bandwidths are not used in the Accused Products. *See* Pl.'s Ex. B, ¶ 50. Without that hearsay, his opinion has no basis. That is the very definition of "coextensive." Ex. I (defined as "having the same spatial or temporal scope or boundaries."). Consequently, Mr. Proctor's opinions are coextensive with the hearsay and should be stricken.

## IV. THE COURT SHOULD STRIKE MR. PROCTOR'S PREVIOUSLY UNDISCLOSED INVALIDITY THEORIES

Defendants' attempt to recast Mr. Proctor's undisclosed invalidity theories as "rebuttal" arguments is an attempt to excuse noncompliance with P.R. 3-3(b). *See* Opp. At 8-9. First, theories introduced in the opening report cannot be rebuttal arguments. Defendants' inability to show these theories in their invalidity contentions confirms they were untimely. Second, theories introduced in the rebuttal report are improper as rebuttal reports are not a pass to advance new invalidity theories. *See CEATS, Inc. v. TicketNetwork, Inc.*, No. 215-CV-01470 JRG-RSP, 2018 U.S. Dist. LEXIS 7211, at *9 (E.D. Tex. Jan 17, 2018) ("A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report."). But Mr. Proctor's rebuttal report asserts for the first time that the same document Smart RF relies on for conception and reduction to

practice in both its P.R. 3-1 disclosures, discovery responses, and expert report allegedly anticipates the claims. That is not a rebuttal argument. It is a new anticipation theory that was not disclosed in Defendants' P.R. 3-3 disclosures. These undisclosed theories should be stricken.

## V. THE COURT SHOULD STRIKE MR. PROCTOR'S INTRODUCTION OF UNDISCLOSED NON-INFRINGING ALTERNATIVES

Defendants' attempt to portray Mr. Proctor's introduction of new non-infringing alternative ("NIA") theories as a "rebuttal" to Smart RF's testing is unavailing. Although Defendants characterize Mr. Proctor's opinions as rebuttals to Smart RF's testing, they are not. Smart RF's testing tested NIAs that Defendants identified during discovery as well as prior art predistortion techniques. *See* Ex. J, at ¶ 673. In contrast, Mr. Proctor advances new NIAs, including ████████████████████████████████████████████████████████████████. Rebuttal cannot be used to sandbag new theories that should have been disclosed in opening reports. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (specifying that rebuttal evidence "is intended solely to contradict or rebut evidence on the same subject matter").

Nor does Smart RF's testing "open the door" to these new NIAs. Defendants bore the burden of identifying NIAs and did so in response to Common Interrogatory No. 6. *See* Pl.'s Exs. E, F. The fact that Smart RF tested those NIAs does not entitle Defendants to introduce additional NIAs for the first time in a rebuttal report. Defendants also mischaracterize Mr. Proctor's opinions by suggesting he merely opines that Smart RF did not test the "best" alternatives, while others could provide the same benefits as the claimed inventions. *See* Opp. at 10. Defendants had an affirmative obligation to disclose all alleged NIAs in response to Common Interrogatory No. 6 and to establish the acceptability of such NIAs in their opening reports. Smart RF tested the NIAs that Defendants disclosed, Mr. Proctor cannot be allowed to now allege that there were "better" NIAs that were not considered.

4

Mr. Proctor's report advances new, undisclosed NIAs, including both ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.,* Pl.'s Ex. B, ¶¶ 111, 84-86. Put simply, these are not rebuttal arguments. Defendants' introduction of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as a proposed NIA at this late stage only underscores the prejudice Smart RF will be subjected to if this testimony is allowed at trial. Defendants argue that Mr. Proctor only discusses this proposal because Smart RF withheld it during discovery. *See* Opp. at 11. But even if that is true (it is not), ▇▇▇▇▇▇▇▇ has been publicly known for years, which is apparent from Mr. Proctor's own cited document. *See* Ex. K, DEFS-SRF-EXPERT_0000211 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). Despite claiming it is a viable alternative, Defendants offer no excuse for not disclosing the ▇▇▇▇▇▇ prior to Mr. Proctor's rebuttal report.

Finally, Defendants do not dispute that Mr. Proctor failed to analyze the availability, feasibility, or acceptability for the untimely NIAs. *See* Opp. at 9-11. Defendants' silence concedes that Mr. Proctor did not provide a proper analysis, underscoring the need to strike his opinions.

## VI. MR. PROCTOR'S OPINIONS RELYING ON INFRINGEMENT THEORIES ALONE ARE IMPROPER

Defendants' attempt to dismiss Smart RF's argument as "bizarre" misses the point. Opp. at 11. Several of Mr. Proctor's invalidity opinions are grounded solely on his interpretation of Smart RF's infringement theories, rather than the claims themselves. *See* Pl.'s Ex. A, ¶¶ 604, 606, 610. This is improper. *See Helifix, Lts. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000) (requiring that an anticipation analysis compare the "construed claim to the prior art"). Because his invalidity opinions are not grounded in the claims, they should be stricken.

## VII. CONCLUSION

For at least the foregoing reasons, Smart RF's Motion should be granted.

| | |
|---|---|
| Dated: September 15, 2025 | Respectfully Submitted,<br><br>*/s/ Patrick J. Conroy*<br>**Patrick J. Conroy**<br>Texas Bar No. 24012448<br>**Ryan P. Griffin**<br>Texas Bar No. 24053687<br>**Jonathan H. Rastegar**<br>Texas Bar No. 24064043<br>**Nathan L. Levenson**<br>Texas Bar No. 24097992<br>**NELSON BUMGARDNER CONROY PC**<br>2727 N. Harwood Street, Suite 250<br>Dallas, Texas 75201<br>Tel: (214) 446-4950<br>pat@nelbum.com<br>ryan@nelbum.com<br>jon@nelbum.com<br>nathan@nelbum.com<br><br>**Janson H. Westmoreland**<br>Texas Bar No. 24131755<br>**NELSON BUMGARDNER CONROY PC**<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>Tel: (817) 377-9111<br>janson@nelbum.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**SMART RF INC.** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record on September 15, 2025.

*/s/ Patrick J. Conroy*
Patrick J. Conroy

███████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

███████████████████████████████

                                        ██████████ _____
                                        ███████████