IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SMART RF INC., §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>AT&T MOBILITY LLC, §<br>§<br>*Defendant*. § | CASE NO. 2:24-CV-00195-JRG-RSP<br>(Lead Case) |

# ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on October 27, 2025, and addressed motions *in limine* filed by Plaintiff Smart RF Inc., (Dkt. No. 192) and Defendants AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, T-Mobile US, Inc., Ericsson Inc., and Nokia of America Corp., (Dkt. No. 193). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties.

While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted.

Accordingly, it is hereby **ORDERED** as follows:

**Plaintiff's Motions *in Limine* (Dkt. No. 192)**

1. **Plaintiff's MIL No. 1**: Defendants/Intervenors and their witnesses should be precluded from presenting evidence or argument regarding broader implications of the case, such as whether it promotes the progress of science, whether the plaintiff or things "like this" need to stop, or other argument about the jury needing to send a message, rule for society's sake, or any other argument outside of the record evidence (and subject to the Court's pretrial rulings and Standing Orders)

that intends to seize on any of the jury's potential prejudices or any alleged greater impacts to society, technology, or the economy in connection with granting a verdict for the plaintiff.

This motion *in limine* is **GRANTED** as to the 'Golden Rule' and 'conscience of the community' arguments.

The Motion is otherwise **DENIED** as overly broad.

2. **Plaintiff's MIL No. 2**: Defendants/Intervenors and their witnesses should be precluded from presenting evidence or argument regarding Defendants' and/or Intervenors' own patents and patent portfolios, including, but not limited to, any argument that Defendants/Intervenors practice their own patents or that such patents support a finding of noninfringement.

This motion *in limine* is **GRANTED** by agreement of the Parties such that Defendants will not testify or argue that Defendants do not infringe the asserted patents because Defendants have their own patents and patent portfolios. (Dkt. No. 242 at 1.) The parties further agree that Defendants may testify or argue regarding their own patent and patent portfolios for other purposes, including but not limited to argument that certain of Defendants' patents invalidate an asserted patent, rebut Plaintiff's damages claims under Georgia-Pacific factor No. 13, and are evidence that Defendants respect the patent system. (*Id.*)

3. **Plaintiff's MIL No. 3**: Defendants/Intervenors and their witnesses should be precluded from presenting evidence or argument regarding Defendants/Intervenors' expert, James Proctor, previously being a client of Plaintiff's law firm.

This motion *in limine* is **GRANTED**.

4. **Plaintiff's MIL No. 4**: Defendants/Intervenors and their witnesses should be precluded from presenting evidence or argument regarding, or otherwise relying on, source code,

configuration files, and a related supplemental interrogatory response for the accused Ericsson products produced after the close of discovery and service of opening expert reports.

This motion *in limine* is **GRANTED** by agreement of the Parties such that Defendants do not and will not rely, reference, or introduce into evidence Ericsson's source code, including configuration files, produced after the close of fact discovery. (Dkt. No. 242 at 1.) The parties further agree that Ericsson may rely on its Eighth Supplemental Response to Individual Interrogatory No. 1 insofar as it does not relate to Ericsson's source code, including configuration files, produced after the close of fact discovery. (*Id.*) For avoidance of doubt, Defendants' expert, Ericsson and its experts are not and will not be precluded from relying on the information contained in Exhibit B to Ericsson's Eighth Supplement Response to Individual Interrogatory No. 1, which does not relate to Ericsson's source code produced after the close of fact discovery. (*Id.*)

5. **Plaintiff's MIL No. 5**: Defendants/Intervenors and their witnesses should be precluded from presenting evidence or argument regarding any alleged failure to disclose art to the United States Patent Office, including any argument or implication that the inventors did anything improper by failing to disclose any alleged art.

This motion *in limine* is **GRANTED** by agreement of the Parties such that Defendants will not testify or argue that the inventors did something improper by failing to disclose prior art to the Patent Office. (Dkt. No. 242 at 2.) The parties further agree that Defendants may testify or argue as to whether prior art was before the Patent Office for other purposes, such as the relevance to invalidity and the fact that the Patent Office did not consider a reference. (*Id.*)

**Defendants' Motions *in Limine* (Dkt. Nos. 193)**

1. **Defendant's MIL No. 1**: Exclude evidence, testimony, or argument regarding irrelevant and prejudicial figures that risk skewing the damages horizon, e.g., defendants' wireless subscriber

revenues, overall capital investments (including spectrum purchases), or that plaintiff's proposed royalty rate is a "fraction," "small percentage," or similar characterization of defendants' overall revenues.

This motion *in limine* is **GRANTED** by agreement of the Parties such that Plaintiff will not present the large dollar amounts quoted in the 11-page exhibit at Dkt. No. 193-1 unless they are actual inputs to Mr. Kennedy's calculations. Plaintiff is, however, permitted to use any percentages referred to in the exhibits to this MIL.

2. **Defendant's MIL No. 2**: Exclude evidence, argument, or testimony regarding any parties' or their current law firms' retention of the same expert in other matters.

This motion *in limine* is **GRANTED** as to past relationships between experts and law firms, but is **DENIED** as to past retentions of experts by current parties.

3. **Defendant's MIL No. 3**: Exclude any evidence, argument, or testimony relating to the alleged theft or copying of the "2D-DPD" model.

This motion *in limine* is **GRANTED** only to the extent that the Court's standing MIL No. 9 will be applied. However, the motion is further **GRANTED** by agreement of the Parties as to the 'stolen with pride' comment from the Ericsson source code.

The Motion is otherwise **DENIED**.

4. **Defendant's MIL No. 4**: Exclude any evidence, argument or testimony concerning undisclosed facts and theories concerning the conception of the inventions claimed in the patents-in-suit.

This motion *in limine* is **DENIED**.

5. **Defendant's MIL No. 5**: Exclude evidence, argument, testimony, or lay opinions about the alleged infringement or validity of the patents-in-suit from smart rf fact witness, who lack personal knowledge.

This motion *in limine* is **GRANTED** by agreement of the Parties such that the parties' respective fact witnesses shall be precluded from offering opinion testimony on the questions of infringement or validity or the Patents-in-Suit, including opinions comparing the asserted claims and the accused products, as well as opinions comparing the asserted claims to the prior art. (Dkt. No. 242 at 2.) The parties further agree not to cross-examine such fact witnesses regarding their opinion on the questions of infringement or validity. (*Id.*) For avoidance of doubt, however, the parties agree that fact witnesses may testify, and be cross-examined, as to facts underlying the issues of infringement and validity. (*Id.*) Further, Dr. Helaoui is permitted to offer opinion testimony consistent with Smart RF's disclosures pursuant to Fed. R. Civ. P. 26(a)(2) subject to any rulings on Defendants' Motion to Strike, (Dkt. No. 118.) (Dkt. No. 242 at 2.)

**SIGNED this 29th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE